# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JEREMY POWELL,

        Plaintiff,               Case No:       NO

vs.                                         HON.

WAL-MART STORES, INC., a Foreign corporation
individually and d/b/a WAL-MART,WSE
MANAGEMENT, LLC, WAL-MART,
WAL-MART NEIGHBORHOOD MARKET,
WAL-MART SUPERCENTER, WAL-MART
STORE #3476

WAL-MART STORES EAST, LIMITED
PARTNERSHIP, a Foreign Limited Partnership,
individually and d/b/a WAL-MART, WAL-MART,WSE
MANAGEMENT, LLC, WAL-MART, WAL-MART
NEIGHBORHOOD MARKET, WAL-MART SUPERCENTER
and WAL-MART STORE #3476

        Defendant.
_____/

LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
ROBERT M. BACHTEAL (P32493)
Attorney for Plaintiff
30833 Northwestern Highway, Suite 206
Farmington Hills, MI 48334
(248) 855-0100

_____/



## COMPLAINT

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil actions, nor between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is ether pending or was previously field and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

NOW COMES Plaintiff, JEREMY POWELL by and through his attorneys, LAW OFFICES OF KELMAN & FANTICH, and files this Complaint against the Defendants and states as follows:

1.     That Plaintiff, JEREMY POWELL, is a resident of the City of Westland, County of Wayne, State of Michigan.

2.     That Defendant WAL-MART STORES, INC., is Foreign corporation, individually

and d/b/a WAL-MART,WSE MANAGEMENT, LLC, WAL-MART, WAL-MART NEIGHBORHOOD MARKET, WAL-MART SUPERCENTER and WAL-MART STORE #3476 is licensed and doing business as WAL-MART located at 39500 Ford Rd., City of Canton, County of Wayne, State of Michigan, with its Resident Agent The Corporation Company located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

3. That Defendant WAL-MART STORES EAST, LIMITED PARTNERSHIP, is Foreign Limited Partnership, individually and d/b/a WAL-MART,WSE MANAGEMENT, LLC, WAL-MART, WAL-MART NEIGHBORHOOD MARKET, WAL-MART SUPERCENTER and WAL-MART STORE #3476, is licensed and doing business as WAL-MART located at 39500 Ford Rd., City of Canton, County of Wayne, State of Michigan, with its Resident Agent The Corporation Company located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

4. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. That on or about February 22, 2009, the Defendants did business and were the owners and/or maintainers of real property located at 39500 Ford Rd., City of Canton, County of Wayne, State of Michigan.

6. That on or about February 22, 2009, Plaintiff was a business invitee at Defendants' establishment located at 39500 Ford Rd., City of Canton, County of Wayne, State of Michigan. when suddenly and without warning Plaintiff hit his head on a camouflaged bike rack sticking out resulting in injuries and damages hereinafter set forth due to Defendants' active negligence causing Plaintiff to sustain serious and disabling injuries.

7. That as an invitee, permitted user of the premises of the area where Plaintiff was injured, the Defendant owed a duty to keep said area maintained in a habitable and safe manner so as not to allow a condition to be created which represented an unreasonable risk of harm to Plaintiff.

8. That the Defendant owed a duty of care to the Plaintiff to use due care and caution and not to create or permit to exist a condition so as to create an unreasonable risk of harm as to injure anyone lawfully on the premises; that further, Defendant owed a duty to keep the property maintained

in a manner so as not to create a situation in which injury could be caused.

9. That at all times relevant to the within, the Defendant owed a duty to the Plaintiff to properly maintain the premises and was in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of and created the unsafe condition then and there existing on the premises.

10. That the Defendant owed a duty to the Plaintiff to provide safe, dependable, and reliable services to ensure that the Plaintiff would not be injured.

11. That notwithstanding said knowledge and in total disregard of said duties, the Defendant breached the same by the following omissions, including but not limited to:

   a. Permitting said dangerous condition to remain on the premises, although Defendant knew, or in the exercise of reasonable care and diligence should have known of the dangerous condition thereof;

   b. Permitting a dangerous condition to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence should have known thereof;

   c. Failing to inspect the premises, repair, replace and/or maintain the dangerous condition in the area, and/or remove said defect, or in the alternative, to give adequate notice or a warning to Plaintiff and other persons lawfully on said premises of the dangerous condition thereof, although Defendant knew of, or in the exercise of reasonable care and diligence should have known of the dangerous condition thereof;

12. That as a direct and proximate result of Defendants negligence and carelessness, the Plaintiff sustained damages including, but not necessarily limited to:

   a. Closed head injury, forehead contusion, headaches, severe shock, as well as physical pain and suffering;

   b. The requirement of intense therapy for injuries which are permanent in nature;

   c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

   d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

   e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

   f. Severe, frequent and persistent pain which is of a continuing and permanent nature;

13 That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated

3

and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendants in an amount above Twenty-Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

Respectfully submitted,

LAW OFFICE OF KELMAN & FANTICH

BRIAN L. FANTICH (P60935)
ROBERT M. BACHTEAL (P32493)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 206
Farmington Hills, MI 48334
(248) 855-0100

DATED: February 20, 2012

4